NiCHOLSON, C. J.,
delivered the opinion of the court.
Payne is the holder of a note for $1,333 made by Shelton, payable to Daniel and by him endorsed before maturity to Payne. This note was in part consideration of a tract of land sold by Daniel, to Shelton, and to which Daniel had an equitable title, evidenced by a registered bond for title executed by Aber-crombie. When Daniel sold to Shelton, he executed a .bond to him, in which it is recited that Daniel still' owed Abercrombie $1,400 for the land, and that Shelton’s .first note of $1,333 is to be appropriated to the satisfaction of the balance due to Abercrombie, “and upon the payment by Shelton of said note of $1,333 to Abercrombie, then the said Daniel hereby authorizes the said Abercrombie to make a deed of conveyance to said Shelton, but expressly retaining a lien on the face of the deed to secure payment of the other two notes of $1,333 each given to said Daniel by said Shelton for the land.” Daniel endorsed one of these two notes, as before stated, to Payne. The first note was paid by Shelton to Aber-crombie, which satisfied balance of purchase money; whereupon, Abercrombie conveyed the land in fee simple, reserving no lien, to T. Harding, in which conveyance Shelton joined. The title bond from Daniel to Shelton was regularly registered, before the conveyance by Abercrombie and Shelton to Harding. *163 Several conveyances were made by regular deeds from Harding to Hott, the present claimant of the land, who bought and paid for the land, without any actual notice of any lien for unpaid purchase money.
The only question in the case is, whether Hott is affected with constructive notice of the lien on the land provided for in the bond from Daniel to Shelton for the payment of the note endorsed by Daniel to Payne? This depends upon the question, whether Hott, in deraigning his title from Abercrombie, is presumed by law to have had such notice of an outstanding equity or incumbrance on the land as deprived him of the benefit of his plea of an innocent purchaser? If, in deraigning his title, there is anything which would put a reasonable man upon his inquiry as to any defect therein, then he is not an innocent purchaser, whether he prosecuted the inquiry or not. 6 Yer., 406, 1 Hum., 491, 3 Wash. R. P., 292, 2 Lead, cases eq., 140. Hott’s title runs back regularly to the conveyance from Abercrombie and Shelton to Harding. On the face of that deed, after acknowledging the payment of $2,000, the purchase money agreed to be paid by Daniel to Abercrombie, and' describing the land, the recital is: “It being the same lot and premises sold by said Abercrombie to Daniel, as shown by the title bond then given said Daniel to make him or his assigns a fee simple title, upon the payment of said sum of $2,000, and said Daniel having sold and assigned his interest and claim thereto to Shelton, as appears of record in the register’s office of Shelby county, and he having paid me the said purchase *164 money and directed me to make this deed to the said Harding, as is evidenced by the name and signature of said Shelton to this deed.”
Nott admits in his evidence, that he traced the title back to this deed from Abercrombie to Shelton, and on this he rests his claim as an innocent purchaser. This deed notifies him expressly that there is on record a bond from Daniel to Shelton, by which Daniel conveys his equitable interest to Shelton, encumbered with the payment of $1,400, due to Abercrombie, and with authority in Abercrombie to convey the land to Shelton upon the payment of the $1,400 by him; but this conveyance is to be upon the condition of re.taining a lien on the land for the payment of the two notes of $1,333 each, made by Shelton to Daniel.
The question arises, when Nott found in the deed a reference to an incumbrance fixed upon the land by a recorded bond, had he a right, as a man of ordinary prudence, to presume that the two notes of' $1,-333 each had been then paid and satisfied ? Could he, without palpable negligence, stop short in his inquiries, and decline to look to the bond which fixed the incumbrance on the land he was about to purchase? By recurring to the bond dated in January, 1861, he would have found that Abercrombie was authorized by Daniel to convey to Shelton, not to Harding, upon the payment of the balance of $1,400; but in this conveyance he was expressly required to\ reserve a lien to secure the two notes of $1,333 each. Upon examination of the deed itself he must have seen that the trust so imposed upon Abercrombie had *165 been entirely disregarded, and that Shelton had concurred in the breach of trust by joining in the execution of the deed to Harding. Abercrombie only acknowledges the receipt of the §2,000 which he was to receive for the land, leaving the rights of Daniel, which were secured by his bond to Shelton, wholly unprovided for. With express notice of facts and circumstances like these, it was incumbent on Nott to have prosecuted his inquiries further to ascertain whether the two notes of $1,333 each, payable by Shelton to Daniel, had been paid. The deed from Abercrombie and Shelton to Harding was dated in November, 1866. The deed under which Nott claimed title is dated in February, 1868. The lapse of time was not sufficient to excuse ‘ him from prosecuting the inquiry suggested by the facts recited in the deed of Abercrombie and Shelton.
The Chancellor held that the facts do not sustain the plea of innocent purchaser, and we concur in his holding and affirm the decree with costs.